

# Notice of Service of Process

**TRL / ALL**
**Transmittal Number: 17058121**
**Date Processed: 08/24/2017**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Joshua Schonauer<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property & Casualty Insurance Company |
| **Title of Action:** | Commons West Office Association vs. Allied Property & Casualty Insurance Company; and Robert Druck |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI07557 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/24/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | The Merlin Law Group<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S
EXHIBIT A**

PRIVATE PROCESS

Case Number: 2017-CI-07557

2017CI07557   S00001

**COMMONS WEST CONDOMINIUM ASSOCIATION**
**VS.**
**ALLIED PROPERTY & CASUALTY INSURANCE CO**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ALLIED PROPERTY & CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 25th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26TH DAY OF APRIL A.D., 2017.

PETITION

JAVIER DELGADO
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez*, Deputy

### OFFICER'S RETURN

I received this _CITATION_ on _AUG. 24, 2017_ at _1:00_ o'clock _P_ m:
(___) executed it by delivering a copy of the _____ with attached _____

the date of delivery endorsed on it to the defendant, _____
person on the _____ at _____ o'clock ___ m at: _____

(___) not executed because _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: _____

Or: VERIFICATION OF RETURN (If not served by peace officer) SWORN TO THIS _____

_____
Notary Public, State of Texas

Or: My name is _____, my date of birth is _____, and my address is
_____, _____ County.
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the
_____ day of _____, 20_____.

_____
Declarant

DELIVERED:
ON: _8/24/17_
BY: _TU SCH_ _30'2_
@: _1:15_ am pm

FILED
4/25/2017 3:49:18 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

2citpps-sac2 w/jd

**2017CI07557**

CAUSE NO. _____

| | | |
|---|---|---|
| **COMMONS WEST OFFICE** | § | **IN THE DISTRICT COURT OF** |
| **CONDOMINIUM ASSOCIATION** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **vs.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **ALLIED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY;** | § | |
| **AND ROBERT DRUCK** | § | **408** |
| **DEFENDANTS** | § | ____th **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COMMONS WEST CONDOMINIUM ASSOCIATION (hereinafter, referred to as Plaintiff and/or Commons West), and files this, its **Original Petition**, and for causes of action against **ALLIED PROPERTY & CASUALTY INSURANCE COMPANY ("ALLIED"), AND ROBERT DRUCK ("DRUCK")**; (hereinafter, referred to as "Defendants") would show unto the Court and the jury the following:

#### A.  DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190.

#### B.  PARTIES AND SERVICE OF PROCESS

2.  Plaintiff owns the property that is the subject of this lawsuit and is situated at 11230 West Avenue S, San Antonio, TX, **Bexar** County, Texas 75038 (hereinafter BAPS).

3.  Defendant, **ALLIED** is an insurance company registered to engage in the business of insurance in the state of Texas. This Defendant may be served with personal service by a process server, by serving the Registered Agent, **Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 75201 or wherever the company or Registered Agent may be found.**

1

4.     Defendant, **ROBERT DRUCK**, is an individual and property adjuster on behalf of Defendant, **NATIONWIDE**. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's water claim. Defendant may be served with personal service by a process server, by serving him at **4728 N. 158th Ct., Apt. 68, Omaha, NE 68116, or wherever he may be found.**

### C.     STATUTORY AUTHORITY

5.     This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.*, Chap. 541.051 *et seq.*, Chap. 542.051 *et se.*, and Tex. Civ. & Rem. Code §38.01 *et seq.*

### D.     JURISDICTION

6.     The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court; Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and demand for judgment for all the other reliefs to which the parties deems itself entitled

7.     The Court has jurisdiction over Defendant, **ALLIED**, because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

8.     The Court has jurisdiction over Defendant, **DRUCK**, because he is an individual and estimator/property adjuster on behalf of Defendant, **NATIONWIDE**. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiff's wind/hail storm claim.

### E.     VENUE

9.     Venue for this suit for breach of a written contract is permissive in {Bexar

2

County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

### F.    NOTICE AND CONDITIONS PRECEDENT

10.    Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages and expenses in the manner and form required.

11.    All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendants.

### G. FACTS

12.    This lawsuit arises out of the following transactions, acts, omissions, and/or events.

13.    The Plaintiff's property was severely damaged by a wind/hail storm occurring on or about March 19th, 2016.

14.    On or about March 30, 2016, the Plaintiff submitted a claim to Defendant, **ALLIED** pursuant to the contract of insurance for damages as a result of wind/hail storm.

15.    Defendant, **ALLIED** acknowledged Plaintiff's claim and assigned a claim number of **78 42 PE 124303 03192016 51.**

16.    Defendant, **ALLIED,** assigned Defendant, **DRUCK,** to properly investigate and evaluate the claim.

17.    On or about April 206, the property was inspected by **DRUCK.**

18.    On or about July 12, 2016, **ALLIED** submitted a letter to the Plaintiff after reviewing the adjusters' estimate from **DRUCK** and determined that "the amount of

3

covered damage to your property being claimed is $5,150.14. Your policy carries a $12,215 deductible. Because of the amount of your loss is less than your deductible, we are unable to make payment on your property claim."

19.    On or about December 16, 2016, Elvia Chandler from Texas Elite Public Adjusters, LLC Adjusters International on behalf of Plaintiff, submitted a letter of representation to Defendant, **ALLIED**.

20.    On January 13, 2017, Elvia Chandler completed a preliminary estimate on the property in the amount of $591,731.89 (before the applicable deductible) and submitted to Defendant **ALLIED**.

21.    On January 19, 2017, Texas Elite Public Adjusters submitted a signed Proof of Loss on behalf of Plaintiff to **ALLLIED**.

22.    On February 6, 2017, Elvia Chandler submitted a letter to Defendant ALLIED requesting a re-inspection of the property.

23.    The property was re-inspected by Defendant **ALLIED**. Based on the improper, inadequate, and incomplete investigation of **DRUCK** and **ALLIED**, Plaintiff's damages were only estimated at $5,872.70 after a $12,215.00 deductible.

24.    The claims were not handled for the benefit of the Plaintiff, failed to accomplish the goal of fairly and promptly adjusting the claims, did not adhere to the highest degree of ethical conduct, and material facts, information, and evidence was intentionally concealed despite the fact that the claims were denied based upon the investigation and conclusions that is being concealed. The conduct exhibited by **ALLIED and DRUCK** flies in the face of the public trust and deliberately ignores the responsibility and duty entrusted to the respective firms named herein.

4

25.     As of this date, **ALLIED** by and through its adjuster and **DRUCK** have failed to pay for the covered wind/hail storm damages to Plaintiff's property.

26.     Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **ALLIED** insurance policy.

27.     Defendants, **ALLIED and DRUCK**, acting through their agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

28.     Defendants, **ALLIED and DRUCK** have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

29.     Defendants, **ALLIED and DRUCK**, failed or refused and continue to fail or refuse to pay covered claim on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **ALLIED** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

30.     In contrast, Plaintiff has cooperated with every request made by Defendants, **ALLIED and DRUCK** and has displayed, at reasonable times, all of its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

31.     Defendants, **ALLIED and DRUCK** have persisted in delay or denial to pay the full amounts due for Plaintiff's claim even though a person of ordinary prudence and care would have done otherwise.

5

32.     No reasonable basis exists for Defendant, **ALLIED** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

33.     No reasonable basis exists for Defendant, **ALLIED** to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

34.     Defendants, **ALLIED and DRUCK** have misrepresented to Plaintiff that the damages to the property were not due to the covered perils from the wind/hail storm damage of March 19th , 2016, even though the damages were caused by covered perils.

35.     Defendants, **ALLIED and DRUCK** failed to make an attempt to settle the claims in a fair manner, although Defendants, **ALLIED and DRUCK** were aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act.  Tex. Ins. Code Sec.541§060(2).

36.     Defendants, **ALLIED and DRUCK,** refused and/or failed to properly evaluate the obvious damages to Plaintiff's property, forcing the Plaintiff to hire its own experts and incur additional expenses.

37.     Defendant, **ALLIED,** after conducting inspections of the damaged insured property and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

38.     Defendant, **ALLIED,** refused to fully compensate Plaintiff, under the terms of the policy, even though **ALLIED and DRUCK,** failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

39.     Defendants, **ALLIED and DRUCK,** performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  **ALLIED and DRUCK,** conduct

6

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

40.     Defendants, **ALLIED and DRUCK,** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants, **ALLIED and DRUCK,** have delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims. Defendants, **ALLIED and DRUCK** are in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

41.     From and after the time Plaintiff's claims were presented to **ALLIED,** the liability of **ALLIED** to pay the full claims in accordance with the terms of the policy was reasonably clear. However, **ALLIED** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

42.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

43.     Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendants, **ALLIED and DRUCK,** in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants, **ALLIED and DRUCK,** with regard to handling these types of claims. Defendants, **ALLIED and DRUCK's,** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

## H. CAUSES OF ACTION AGAINST DEFENDANT, ALLIED -
## COUNT I - BREACH OF CONTRACT

44.     Plaintiff incorporates paragraph numbers seventeen through forty-four as though fully stated herein.

45.     On April 29, 2015, Plaintiff and Defendant ALLIED executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 11230 West Ave. San Antonio, Bexar County, TX 78213 from the peril of wind/hail storm damage among other perils.  Defendant has a complete copy of the policy in its possession.

46.     All damages and loss to Plaintiff's property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, wind/hail storm damage.

47.     Defendant, ALLIED sold this policy insuring the property in it's "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiff.

48.     Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the wind/hail storm damage.

49.     Plaintiff submitted a claim to Defendant, ALLIED pursuant to the contract of insurance for damages as a result of the wind/hail storm damage.

50.     Plaintiff provided Defendant, ALLIED, with proper notice of damage to the exterior and interior of the insured property.

51.     Defendant, ALLIED nor anyone of behalf of ALLIED performed any additional inspections of the subject property in order to obtain a second opinion regarding the wind/hail storm damages.  ALLIED ignored the information provided by the public adjuster and chose simply to only rely on its own consultants.

52.   **ALLIED** by and through its adjusters and **DRUCK** failed to properly evaluate the damages resulting from the covered cause of loss, wind/hail storm.

53.   **ALLIED** by and through its adjusters and **DRUCK** failed to retain the appropriate experts and/or consultants to evaluate the wind/hail storm damages to the subject property.

54.   As of this date, **ALLIED** by and through its adjusters and **DRUCK** have failed to pay for the wind/hail storm damages to Plaintiff's property.

55.   Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **ALLIED,** insurance policy.

56.   Defendants, **ALLIED and DRUCK,** acting through its agents, servants, representatives and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

57.   Defendants, **ALLIED and DRUCK** have failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR
## CLAIMS PRACTICES ACT

58.   Plaintiff incorporates paragraph numbers seventeen through forty-four as though fully stated herein.

59.   Defendant, **ALLIED,** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

**ALLIED's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* Tex. Ins.

(1) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

60.     Defendant, **ALLIED**, misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq.

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

61.     Defendant, **ALLIED's**, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

62.     Plaintiff incorporates paragraph numbers seventeen through forty-four as though fully stated herein.

63.     Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

64.     By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took

10

advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

65.     Plaintiff incorporates paragraph numbers seventeen through forty-four as though fully stated herein.

66.     Defendant, **ALLIED's**, conduct, as specifically described in Section G and in paragraph numbers one through seventy four above, constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

67.     Defendant, **ALLIED's**, conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

68.     Defendant, **ALLIED's**, failure as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## I.     CAUSES OF ACTION AGAINST DEFENDANT, DRUCK - COUNT V - UNFAIR SETTLEMENT PRACTICES

69.     Plaintiff incorporates paragraph numbers seventeen through forty-four as though fully stated herein.

70.     Defendant, **DRUCK** (hereinafter, referred to as Defendant), is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

71.     Defendant, **DRUCK**, is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of **ALLIED**.

72.     Defendant, **DRUCK**, is required to comply with Tex. Ins. Code Sections 541.151, and is defined by the code as a "person". Under Tex. Ins. Code Sections 541.002(2), "Person" is defined as any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker,

### J.      KNOWLEDGE AND INTENT

73.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

### K.      DAMAGES AND PRAYER

74.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendants and prays that, be cited to appear and answer and that on a final trial on the merits, Plaintiff recovers from Defendants the following:

75.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

76.     For breach of contract by Defendant **ALLIED and DRUCK.** Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

77.     For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendants, **ALLIED and DRUCK,** Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental

12

anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq.*

78.     For violation of the Texas Deceptive Trade Practices Act by Defendants, **ALLIED, DRUCK,** Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

79.     For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, **ALLIED and DRUCK,** Plaintiff is entitled to the amount of its claims, as well as **eighteen (18)** percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq.* and 542.060 *et seq.*

80.     In order to punish Defendants, **ALLIED and DRUCK** and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

81.     For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **ALLIED,** Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.


**L.     JURY DEMAND**

82.     Plaintiff respectfully demands a **trial by jury**.

13

## M.    REQUEST FOR DISCLOSURE

83.    Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days

of service of this request, the information or material requested in Rule 194.2(a)-(l).

Respectfully submitted,

**The Merlin Law Group**

By:    */s/ Javier Delgado*
        **Javier Delgado, Esq.**
        Texas State Bar No: **24066339**
        Email: jdelgado@merlinlawgroup.com
        515 Post Oak Blvd., Suite 750
        Houston, Texas 77027
        Telephone: (713) 626-8880
        Facsimile: (713) 626-8881

**ATTORNEY FOR PLAINTIFF**

14



# MERLIN
## LAW GROUP

515 POST OAK BLVD., SUITE 750
HOUSTON, TEXAS 77027

TELEPHONE (713) 626-8880
FACSIMILE (713) 626-8881

April 25, 2017

**VIA Email: kissej1@nationwide.com**
**& Certified Mail R.R.R.**
Jesse Kissel
Nationwide Insurance
Allied Property & Casualty Insurance Company
One Nationwide Gateway
Dept. 5574
Des Moines, IA 50391

<table>
<tr><td>RE:</td><td>Insured:</td><td>Commons West Office Condominiums Assoc.</td></tr>
<tr><td></td><td>Property:</td><td>11230 West Ave S, San Antonio, TX 78213</td></tr>
<tr><td></td><td>Policy No.:</td><td>ACP BPOC7292203486</td></tr>
<tr><td></td><td>Claim No:</td><td>78 42 PE 124303 03192016 51</td></tr>
</table>

Gentlemen:

This correspondence will serve to notify you of the applicable statutory violation of Texas law, and will serve as the insured's statutory demand under the Texas Unfair Claims Practice Statute, Texas Deceptive Trade Practices Act, and the Texas Prompt Payment Statute.

The Insured's property was severely damaged by a wind/hail storm occurring on or about March 19th, 2016.

On or about March 30, 2016, the Insured submitted a claim to Allied Property & Casualty Insurance Company ("ALLIED") pursuant to the contract of insurance for damages as a result of wind/hail storm.

ALLIED acknowledged Insured's claim and assigned a claim number of 78 42 PE 124303 03192016 51.

ALLIED assigned Robert Druck to properly investigate and evaluate the claim. The property was inspected by Mr. Druck.

On or about July 12, 2016, ALLIED submitted a letter to the Insured after reviewing the adjusters' estimate from Mr. Druck and determined that "the amount of covered damage to your property being claimed is $5,150.14. Your policy carries a

April 25, 2017 Statutory Demand Letter to
Allied Property & Casualty Ins. Co. & Robert Druck
Common West Office Condominium Assoc.
Policy No. ACP BPOC7292203486
Loss Location: 11230 West Ave. S, San Antonio, TX 78213

$12,215 deductible. Because of the amount of your loss is less than your deductible, we are unable to make payment on your property claim."

On or about December 16, 2016, Elvia Chandler from Texas Elite Public Adjusters, LLC Adjusters International on behalf of the Insured, submitted a letter of representation to ALLIED.

On January 13, 2017, Elvia Chandler completed a preliminary estimate on the property in the amount of $591,731.89 (before the applicable deductible) and submitted to ALLIED.

On January 19, 2017, Texas Elite Public Adjusters submitted a signed Proof of Loss on behalf of Insured to ALLLIED.

On February 6, 2017, Elvia Chandler submitted a letter to ALLIED requesting a re-inspection of the property.

The property was re-inspected by ALLIED. Based on the improper, inadequate, and incomplete investigation of Mr. Druck and ALLIED, the Insured's damages were only estimated at $5,872.70 after a $12,215.00 deductible.

There is no reason to delay payment of that portion of the claim that has become reasonably clear, is due. In addition, withholding payment of undisputed benefits owed to the insured after receipt of this demand in an effort to effectuate an unfair settlement or wrongfully deny coverage is a clear violation of the insurance contract, the prompt payment statutes, the unfair claims practice statutes, and the Texas deceptive trade practices act.

As a result of mishandling of this claim, my clients have been forced to live each day with the knowledge that short of legal action, their claim for damages will not be compensated.

It is my contention that your conduct violates the prompt payment statutes, Tex. Ins. Code Sec. 542.057, and Sec. 542.058, and is a breach of this insurance policy.

542.056(a) Notice of Acceptance or Rejection of Claim: Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date that insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss. (d) If an insurer is unable to accept or reject the claim within the period specified by subsection (a) or (b), the insurer, within the same period, shall notify the claimant of the reasons the insurer needs additional time ...

April 25, 2017 Statutory Demand Letter to
Allied Property & Casualty Ins. Co. & Robert Druck
Common West Office Condominium Assoc.
Policy No. ACP BPOC7292203486
Loss Location: 11230 West Ave. S, San Antonio, TX 78213

542.057(a) Payment of Claim: Except as otherwise provided in this section, if an insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made.

542.058(a) Delay in Payment of Claim: Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by section 542.060.

Furthermore, your conduct constitutes unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code, Specifically, Tex. Ins. Code Sec. 541.060(a) (1) - (4)(A)(B), and 541.061.

541.060(a) Unfair Settlement Practices: It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(3) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) Failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; 10

(5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

(6) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

3

April 25, 2017 Statutory Demand Letter to
Allied Property & Casualty Ins. Co. & Robert Druck
Common West Office Condominium Assoc.
Policy No. ACP BPOC7292203486
Loss Location: 11230 West Ave. S, San Antonio, TX 78213

In addition, Mr. Druck and Allied Property & Casualty Insurance Company are in violation of DTPA 17.505 by:

Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; Engaging in an unconscionable course of conduct. At all material times hereto, Insured was a consumer of insurance services or products of Allied Property & Casualty, and Insured would show that Allied's violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing Insured damages.

Allied Property & Casualty Ins. Co. accepted insurance premiums but refused without a reasonable basis to pay benefits due and owing, has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Allied Property & Casualty took advantage of Insured's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

Based upon the information now available to us, and for purposes of this notice letter, we estimate that our client's damages are as follows:

| | |
|---|---|
| **Property Damage losses:** | $591,731.89 |
| **Expenses/Costs:** | $5,000.00 (accruing weekly). |
| **Prompt Payment Interest:** | $106,511.74 (accruing daily) |
| **Attorney's fees:** | $35,000.00 (to date and accruing as case progresses) |

Of course, we reserve the right to adjust these amounts to conform to the information and additional evidence that will be available to us at the time of trial should litigation be necessary.

Our client has incurred reasonable and necessary attorney's fees in the pursuit of the claim stated in this letter. The amount of fees incurred as of the date of this letter is indicated above. Under the contract of employment we have with our client, our firm has been assigned an interest in this claim.

April 25, 2017 Statutory Demand Letter to
Allied Property & Casualty Ins. Co. & Robert Druck
Common West Office Condominium Assoc.
Policy No. ACP BPOC7292203486
Loss Location: 11230 West Ave. S, San Antonio, TX 78213


     The purpose of this letter is to encourage you to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to respond to this letter with an offer of settlement that is acceptable to our client, we will have no alternative but to recommend to our client that we pursue litigation against, Allied Property & Casualty Ins. Co. and Robert Druck.  The causes of action will seek the available remedies under Chapter 541 and 542 of the Texas Insurance Code, among other authorities.

     In the litigation, rather than seeking only the amount of money we are asking of Allied Property & Casualty Ins. Co.at this time, we will seek to recover the full measure of our client's damages, expenses and attorney's fees as allowed by Texas law. Additionally, as you may know, if the jury finds that Allied Property & Casualty Ins. Co. by and through your actions "knowingly" violated Chapter 541, our client may recover additional damages in an amount up to three times the amount of actual damages.

     If Allied Property & Casualty Ins. Co. is interested in resolving this matter without the necessity of litigation, please contact me within sixty days of your receipt of this letter. I look forward to resolving this matter with you as soon as possible.


                        Respectfully,

                        *Javier Delgado, Esq.*

                        **The Merlin Law Group**
                        Email: jdelgado@merlinlawgroup.com
                        515 Post Oak Blvd., Suite 750
                        Houston, Texas 77027
                        Telephone: (713) 626-8880
                        Facsimile: (713) 626-8881


JD/ta

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

Client:     Commons West
Property:   11230 West Ave
            San Antonio, TX 78213

Operator Info:
Operator:   EATON

Estimator:  Pro-Evaluation LLC.                 Business:  (210) 365-9316
Company:    Pro Evaluation, LLC                  E-mail:   texasdamageevaluation@gma
Business:   16019 Shooting Star                            il.com
            San Antonio, TX 78255

Type of Estimate:
Date Entered:  12/27/2016          Date Assigned:

Price List:       TXSA7X_NOV16_30
Labor Efficiency: Restoration/Service/Remodel
Estimate:         CW-1003

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

CW-1003

### Tile Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 1. Remove Tile roofing - Concrete - "S" or flat tile | 236.54 SQ | 199.19 | 0.00 | 47,116.40 |
| 2. Tile roofing - Concrete - "S" or flat tile | 295.13 SQ | 0.00 | 555.78 | 164,027.35 |
| 📷 Itel Report #1 | | | | |
| 📷 Itel Report #2 | | | | |
| 48. Remove Additional charge for high roof (2 stories or greater) | 236.54 SQ | 5.15 | 0.00 | 1,218.18 |
| 49. Additional charge for high roof (2 stories or greater) | 354.16 SQ | 0.00 | 17.06 | 6,041.97 |
| 3. Remove Ridge / Hip / Rake cap - tile roofing | 1,017.00 LF | 3.07 | 0.00 | 3,122.19 |
| Includes ridge, hip, and rake cap. | | | | |
| 4. Ridge / Hip / Rake cap - tile roofing | 1,271.25 LF | 0.00 | 13.43 | 17,072.89 |
| 5. Hip & ridge nailer board for tile roofing - channel metal | 923.00 LF | 0.00 | 3.26 | 3,008.98 |
| 68. Ice & water shield | 23,654.00 SF | 0.00 | 1.69 | 39,975.26 |
| The installation of the nailed tile furring strips will compromise the ability of felt or synthetic underlayment to keep water from entering the roof structure. A self healing underlayment will need to be used to ensure that this does not happen. | | | | |
| 66. Remove Flashing - L flashing - galvanized | 1,658.00 LF | 0.57 | 0.00 | 945.06 |
| 67. Flashing - L flashing - galvanized | 1,906.70 LF | 0.00 | 3.89 | 7,417.06 |
| 18. Remove Valley metal - (W) profile | 262.00 LF | 0.57 | 0.00 | 149.34 |
| 19. Valley metal - (W) profile | 302.00 LF | 0.00 | 6.08 | 1,836.16 |
| 22. Floor protection - cloth - skid resistant, breathable | 16,580.00 SF | 0.30 | 0.00 | 4,974.00 |

Protection of landscaping and siding. As well as masking needed for exterior painting.

Totals: Tile Roof                                                                                               296,904.84

### Flat Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|

**Pro-Evaluation LLC.**

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamagevaluation@gmail.com

### CONTINUED - Flat Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 69.  Remove Built-up 3 ply roofing - in place | 36.73 SQ | 58.23 | 0.00 | 2,138.79 |
| 70.  Built-up 3 ply roofing - in place | 42.24 SQ | 0.00 | 402.39 | 16,996.95 |
| 71.  Bitumen roof - Add. base sheet - self-adhering | 36.73 SQ | 0.00 | 131.85 | 4,842.85 |
| 72.  Built-up roofing - scratch and flood (no gravel) | 36.73 SQ | 0.00 | 470.89 | 17,295.79 |
| 25.  Remove Insulation - ISO board, 3" | 36.73 SQ | 39.44 | 0.00 | 1,448.63 |
| 26.  Insulation - ISO board, 3" | 42.24 SQ | 0.00 | 429.00 | 18,120.96 |
| 30.  Remove Additional charge for high roof (2 stories or greater) | 36.73 SQ | 5.15 | 0.00 | 189.16 |
| 31.  Additional charge for high roof (2 stories or greater) | 48.58 SQ | 0.00 | 17.06 | 828.77 |
| 28.  R&R Counterflashing - Apron flashing | 530.00 LF | 0.57 | 8.74 | 4,934.30 |
| 39.  R&R Flashing - pipe jack - lead | 14.00 EA | 6.86 | 69.84 | 1,073.80 |

The counter flashing is installed under the roof membrane, as well as the stucco walls. Removing this will damage and tear apart the stucco. The following line items address the repair of this.

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 73.  R&R stucco repair | 1,500.00 SF | 0.73 | 5.81 | 9,810.00 |
| 74.  Stucco color coat (Redash) - coarse texture | 1,500.00 SF | 0.00 | 3.47 | 5,205.00 |

| | | | | |
|---|---|---|---|---|
| Totals:  Flat Roof | | | | 82,885.00 |

### HVAC

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 34.  Central air - condenser unit - Detach & reset | 39.00 EA | 0.00 | 656.71 | 25,611.69 |

The A/C condensers will need to be detached and reset as well as recharged with refrigerant to remove and replace the modified bitumen roof.

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 63.  Central air cond. system - refrigerant evacuation | 39.00 EA | 0.00 | 172.99 | 6,746.61 |
| 35.  Central air cond. system - recharge - 5lb refrigerant | 39.00 EA | 0.00 | 147.81 | 5,764.59 |
| 36.  Crane and operator - 14 ton capacity - 65' extension boom | 39.00 HR | 0.00 | 156.00 | 6,084.00 |

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

**CONTINUED - HVAC**

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| Totals: HVAC | | | | 44,206.89 |

### Exterior Elevations

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 50. R&R Gutter / downspout - aluminum - 6" | 2,199.00 LF | 0.49 | 10.17 | 23,441.34 |
| 75. R&R Flashing - kick-out diverter | 8.00 EA | 9.15 | 43.43 | 420.64 |
| 51. Prime & paint gutter / downspout | 2,199.00 LF | 0.00 | 1.46 | 3,210.54 |
| 40. Prime & paint exterior fascia - wood, 4"-6" wide | 1,658.00 LF | 0.00 | 1.51 | 2,503.58 |
| 42. Scrape the surface area & prep for paint | 1,658.00 SF | 0.00 | 0.56 | 928.48 |
| 46. Scaffold - per section (per week) | 48.00 WK | 0.00 | 62.40 | 2,995.20 |
| 12 sections for 4 weeks | | | | |
| 47. Labor to set up and take down scaffold - per section | 12.00 EA | 0.00 | 59.02 | 708.24 |

| | | | | |
|---|---|---|---|---|
| Totals: Exterior Elevations | | | | 34,208.02 |

### General

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 52. Taxes, insurance, permits & fees (Bid item) | 1.00 EA | 0.00 | 2,600.00 | 2,600.00 |
| 53. Temporary toilet (per month) | 2.00 MO | 0.00 | 171.61 | 343.22 |
| 54. Commercial Supervision / Project Management - per hour | 160.00 HR | 0.00 | 73.97 | 11,835.20 |
| 4 week project for large crew. | | | | |
| 55. General Laborer - per hour | 160.00 HR | 0.00 | 40.95 | 6,552.00 |
| Directing traffic, cleanup of debris and nails during and post. | | | | |
| 56. Caution tape | 6,500.00 LF | 0.00 | 0.10 | 650.00 |
| 57. Barricade/warning sign/traffic cone - Min. equip. charge | 1.00 EA | 0.00 | 68.25 | 68.25 |

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

### CONTINUED - General

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 58. Barricade and warning device - setup and takedown | 5.00 HR | 0.00 | 66.98 | 334.90 |
| 59. R&R Temporary fencing | 80.00 LF | 0.90 | 7.81 | 696.80 |
| 60. Temporary construction office - portable (trailer) | 1.00 MO | 0.00 | 362.80 | 362.80 |
| 61. Warning sign, 4' x 4' on a 6' post (per day) | 60.00 DA | 0.00 | 3.07 | 184.20 |
| 62. Traffic cones (per unit, per day) | 360.00 DA | 0.00 | 0.91 | 327.60 |
| 64. Dumpster load - Approx. 40 yards, 7-8 tons of debris | 2.00 EA | 975.00 | 0.00 | 1,950.00 |

| | | | | |
|---|---|---|---|---|
| Totals: General | | | | 25,904.97 |

| | | |
|---|---|---|
| **Line Item Totals: CW-1003** | | **484,109.72** |

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

## Summary

| | | | |
|---|---|---|---:|
| Line Item Total | | | 484,109.72 |
| Material Sales Tax | @ | 8.250% | 9,000.13 |
| Subtotal | | | 493,109.85 |
| Overhead | @ | 10.0% | 49,311.02 |
| Profit | @ | 10.0% | 49,311.02 |
| **Replacement Cost Value** | | | **$591,731.89** |
| **Net Claim** | | | **$591,731.89** |

Pro-Evaluation LLC.

# Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

## Recap by Room

Estimate: CW-1003

| | | |
|---|---:|---:|
| Tile Roof | 296,904.84 | 61.33% |
| Flat Roof | 82,885.00 | 17.12% |
| HVAC | 44,206.89 | 9.13% |
| Exterior Elevations | 34,208.02 | 7.07% |
| General | 25,904.97 | 5.35% |
| **Subtotal of Areas** | 484,109.72 | 100.00% |
| **Total** | 484,109.72 | 100.00% |

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

### Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---:|---:|
| GENERAL DEMOLITION | | | 65,967.60 | 11.15% |
| HEAVY EQUIPMENT | | | 6,084.00 | 1.03% |
| PERMITS AND FEES | | | 2,600.00 | 0.44% |
| HEAT, VENT & AIR CONDITIONING | | | 38,122.89 | 6.44% |
| LABOR ONLY | | | 18,387.20 | 3.11% |
| PAINTING | | | 6,642.60 | 1.12% |
| ROOFING | | | 303,422.39 | 51.28% |
| SCAFFOLDING | | | 3,703.44 | 0.63% |
| SOFFIT, FASCIA, & GUTTER | | | 22,363.83 | 3.78% |
| STUCCO & EXTERIOR PLASTER | | | 13,920.00 | 2.35% |
| TEMPORARY REPAIRS | | | 2,895.77 | 0.49% |
| O&P Items Subtotal | | | 484,109.72 | 81.81% |
| Material Sales Tax | @ | 8.250% | 9,000.13 | 1.52% |
| Overhead | @ | 10.0% | 49,311.02 | 8.33% |
| Profit | @ | 10.0% | 49,311.02 | 8.33% |
| Total | | | 591,731.89 | 100.00% |

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com



| 6745 Phillips Industrial Blvd. | Atm: | Elvia Chandler | From: | ITEL Customer Service Dept. |
|---|---|---|---|---|
| Jacksonville, FL 32256 | To: | Texas Elite Public | Email: | customerservice@itelinc.com |
| Phone: (800) 890-4835 | | Adjusters | | |
| www.itelinc.com | Email: | elvia@texaselitepublicadjusters.com | Fax: | 904-363-2379 |

### TILE ROOFING EVALUATION

**CUSTOMER INFORMATION**

| Customer: | Generic Customer/, FL | Control #: | FRS5714814 | Additional Vendor Job# | Texas Elite Public Adjusters |
|---|---|---|---|---|---|
| Cust ID: | CUST0004 | Date Received: | 1/3/2017 | | |
| Adjuster: | Pre-Paid Not a Bill | Date Invoiced: | 1/4/2017 | Contact: | Elvia Chandler, elvia@texaselitepublicadjusters.com |

Comments:

**INSURED INFORMATION**

| Claim #: | 7842PE1243030031920165I | Loss Date: | 4/1/2016 |
|---|---|---|---|
| Insured Name: | Commons West Offices | Area Damaged: | Roof |
| City,State,Zip: | San Antonio, TX 78213 | | |

Comments:

**ORIGINAL PRODUCT**

| | Brand | Line | Color |
|---|---|---|---|

Comments:   The original sample matches the specifications and profile characteristics of the older Burligame Industries "California Tile".  There are no reported sources with the 250 squares of the original Burligame Ind. "California tile" available from our sources in the reclaimed/salvaged roofing industry.  Burligame Industries  is the parent company of Eagle roofing products and Eagle still manufactures tiles with the original Burligame Lifetile molds.  Eagle roofing products produces the "Ponderosa" profile concrete roof tile.  This product is an excellent profile match to the original California tile product line. However will not interlock with the original existing roof tiles.  /

| I | Itel Report #1 | Taken By: Pro-Evaluation LLC. |
|---|---|---|

## Pro-Evaluation LLC.

Pro-Evaluation LLC.
16019 Shooting Star
San Antonio, TX. 78255
210-365-9316
texasdamageevaluation@gmail.com

### SIMILAR MATCH(ES)

| Similarity Rating | Brand | Line | Color |
|---|---|---|---|
| 2 | Eagle | Ponderosa | |

Local Distributor/Supplier: Approx. 6 miles away, ABC Supply #038, 210-826-2336, San Antonio, TX 78217

Local Distributor/Supplier: Approx. 6 miles away, Allied Building Products, 210-822-7844, San Antonio, TX 78217

Local Distributor/Supplier: Approx. 6 miles away, Beacon Roofing Supply, 210-650-3460, San Antonio, TX 78217

Manufacturer Contact Info: Eagle / www.eagleroofing.com / (909) 822-6000

Comments: This selection will not interlock with the existing roof tile and is therefore only recommended as a total slope/elevation type repair product matching the original sample profile characteristics. / Due to the heavy weathering of the original sample, the replacement tile colors may vary and exact color matching must be accomplished onsite and can be accomplished with the application of an approved coloring agent. /

*Similarity Rating: 1- Excellent match in pattern, color, specifications (candidate for same slope repair) 2- Good match, pattern very similar, specifications exact or very close, color close (may be candidate for full elevation and/or non-adjacent slope replacement) 3- Comparable specification match only, no suitable repair match found. (quality indicator for warranty determination only)

### TILE ANALYSIS

| | | | |
|---|---|---|---|
| Body Composition: | Concrete | Tile Profile: | Flat |
| Surface Texture: | Molded | Surface Texture 2: | N/A |
| Coloration Method: | Oxide Thru Body | Visual: | Variegated |
| Edge Texture: | Chiseled | Edge Shape: | Square |
| Valley Type: | N/A | Interlocking: | Yes |
| Width: | 12.375 | Tapered: | No |
| Height: | 17.000 | Projection Height: | 1.250 |

Comments: Installers should verify visual and dimensional compatibility before purchasing and installing replacement products. We want to hear from you. Please Call ITEL Customer Service with any questions. /

### COMMENTS

### INVOICE

| | | | |
|---|---|---|---|
| Control #: | FRS6714814 | Test Fee: | $162.00 |
| Customer ID: | CUST0004 | Shipping: | $12.95 |
| | | Total Due: | $174.95 |

Please note Customer ID # and Control # on all correspondence. FEDERAL TAX ID NUMBER: 26-2574564

Comments: THIS INVOICE IS FOR YOUR RECORD ONLY! Our records indicate that this invoice has been pre-paid by credit card or check. /

2    Itel Report #2                       Taken By: Pro-Evaluation LLC.